*707 On Rehearing.
Ludeling, C. J.
This is a suit, by rule, to compel a surety On an appeal bond to pay the remainder of the judgment, which had been affirmed on appeal. The said appeal was from an order of seizure and' sale. It is contended that the proceeding against the surety was premature, as only the property mortgaged had been sold under the writ and no execution had been issued against the judgment debtor and returned nulla bona. If this proposition be correct, to require a bond for an appeal irom an order of seizure and sale is an idle form, for having exhausted his remedy under the executory process-, the creditor would have to sue the debtor; and if he appealed from the personal judgment against him, a new appeal bond would have to be given and the surety on that appeal bond would have to answer for the payment of the personal judgment rendered on appeal, if the debtor had not property sufficient to satisfy said judgment. The surety on the appeal bond, given for the appeal from the order of seizure and sale, would not be a party to the second proceeding.
But it has been decided by this court that to suspend the execution of an order of seizure arid sale, by appeal, a bond must be given in conformity with the requirements of article 575 of the Code of Practice. 20 An. 179; 22 An. 36. Article 575 of the Code of Practice requires the appellant to “ give his obligation, with a good and solvent security, residing in the jurisdiction of the court, in favor of the appellee, for a sum exceeding by one-half the amount for which the judgment was given, if the same be for a specific sum, as surety for the payment of the amount of such judgment, in case the same be affirmed,” etc.
Section thirty-seven of the Revised Statutes of 1870 declares, “ I'm all cases of appeal to the Supreme Court, or other tribunals in this; State, if the judgment appealed from be affirmed, the plaintiff may,, on return of the execution that no property has been found, obtain a. decree against the surety on the appeal bond for the amount of the judgment, on motion, after ten days’ notice, which motion shall be-tried summarily and without the intervention of a jury, unless the-surety shall allege, under oath, that the signature to the bond purporting to be his signature is not genuine, or that the judgment has been, satisfied.”
The only execution which it was possible for the judgment creditor to cause to be issued, was issued and returned not satisfied. The requirements of the law were substantially complied with in this case. The surety knew that under the executory process no other property could be sold except that which was included in the mortgage, and when he stopped that writ by signing the appeal bond he obligated.’ *708 himself to pay the amount of such judgment for which the writ had issued, if affirmed on appeal.
If it be true that the surety can not be proceeded against in this case, because the proceeding is in rein, it would be equally true as to sureties on appeal bonds in cases of attachments, where the absentees made no personal appearance. A construction of the laws which leads to such conclusions can not be correct In Alley v. Hawthorne this court said: “But, as in the present case, suppose an execution can not" be lawfully taken out against the property of the debtor — suppose he has made a cessio bonorwm, or has died and his succession is under administration, will the law turn the judgment creditor over to a labyrinth of creditors, to await the tardy litigation of a litigated or insolvent succession 9 Is this the security to which he is to be referred on having his rights finally adjudicated upon, after a delay which the surety has enabled the debtor to obtain ? If it be so, the judicial suretyship is a mere solemn farce, the commencement rather than the end of litigation, and the provision of the law for the satisfaction of the debt is a mere mockery, not worth having, and would often be attended with more vexation, expense and delay than the pursuit of the debt itself. We think that, if the creditor can not take out his execution on the judgment by reason of a change in the condition of the debtor’s estate, which prevents its being reached by that process, the law requires from him no act in order to secure his immediate recourse against the surety on an appeal bond, and that we can require none.” 1 An. 126. The reasons given in that case are applicable to the present case.
By reason of the nature of the judgment, no execution could be taken out after the return of the order of seizure and sale which could reach the property of the debtor, and therefore he had the right to proceed immediately against the surety on the appeal bond. It is therefore ordered that our former decree in this case be set aside; that the judgment of the lower court be annulled, and that there be judgment in favor of the plaintiff against Robert Bloomer for the sum of $4,666 94 and costs of both courts.